**KENNETH R. GRAHAM, SBN 216733**
Law Offices of Kenneth R. Graham
171 Mayhew Way, Suite 208
Pleasant Hill, CA 94523
Tel. No. (925) 932-0170
Fax No. (925) 932-3940

Attorney for Plaintiff Corazon Palma

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE BRANCH

| | |
|---|---|
| CORAZON PALMA,<br><br>Plaintiff<br><br>        vs.<br><br>WASHINGTON MUTUAL INC.;<br><br>BANK OF AMERICA, N.A.,<br><br>Defendants | Case No.: C 09-03117 JF<br><br>FIRST AMENDED COMPLAINT FOR<br>  1) Breach of Covenant of Good Faith and Fair Dealing;<br>  2) Breach of Fiduciary Duty;<br>  3) Wrongful Foreclosure<br>  4) Fraud<br>  5) Negligence<br>  6) Negligent Infliction of Emotional Distress<br>  7) Violations under RESPA<br>  8) Quiet Title<br>  9) Injunctive Relief<br><br>REQUEST FOR JURY TRIAL |

Plaintiff Corazon Palma ("Plaintiff") on information and belief alleges as follows:

### JURISDICTION

1.      This Court has federal question jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      This Court has supplemental jurisdiction over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.      Venue is proper in the San Jose Division of the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 because this action results from foreclosure of a mortgage on real property located in Santa Clara County, this action arises out of an offer or provision of a loan intended primarily for personal family or household use in Santa Clara County, and the acts alleged in this complaint occurred in Santa Clara County.

## THE SUBJECT PROPERTY

4.      At all times relevant herein, Plaintiff owned and lived in her single family residence, located at 2219 Thayer Court, San Jose, California more particularly described as:

> All that certain real property situate in the City of San Jose, County
> of Santa Clara, State of California, described as follows:
> All of Lot 132 of TRACT NO. 6078, according to the Map thereof
> filed for record on July 10, 1978 in Book 10 of Maps, at Pages 13,
> 14, 15, and 16, Santa Clara County Records.
> Excepting therefrom the underground water rights with no right of
> surface entry as conveyed to San Jose Water Works, a California
> corporation, by instruments recorded July 28, 1978 in Book D848
> of Official Records, Page 192 and August 23, 1978 in Book D906
> of Official Records, Page 400.

## PARTIES

5.      Plaintiff, CORAZON PALMA ("Plaintiff"), is a natural person currently residing at 2219 Thayer Court, City of San Jose, County of Santa Clara, State of California.

6.      Defendant WASHINGTON MUTUAL, INC. ("WAMU" or "Defendant"), now part of JP Morgan Chase, at all relevant times herein is purportedly doing business in the State of California as a lender and/or loan servicer.

7.     Defendant BANK OF AMERICA, N.A. ("BofA") at all relevant times herein is purportedly doing business in the State of California as a lender and/or loan servicer.  BofA is the current owner of record of the subject property.

**STATEMENT OF FACTS**

8.     CORAZON PALMA, age 74, is a retired nurse.  Plaintiff's only income comes from Social Security benefits and rental income from two tenants in the subject property.

9.     Plaintiff's home, the subject property, has been mortgaged by WAMU with the loan number 53303732688.

10.     In 2008, plaintiff experienced a significant loss of income.  Her two children had been helping her with living expenses but both of them faced a substantial reduction of income when their respective employers cut manpower hours in the wake of the economic crisis.  As a result she had difficulty in making the mortgage payments.

11.     On November 13, 2008 plaintiff retained legal counsel to assist with a loan modification with WAMU.

12.     Plaintiff's counsel immediately contacted WAMU and assisted plaintiff in assembling the necessary documents to begin negotiating a loan modification.

13.     Plaintiff's counsel made regular calls to defendant in an attempt to facilitate and expedite the loan modification process.  The history of these calls are well documented.

14.     By WAMU's own terms the loan re-cast to a higher interest rate and the monthly mortgage payments increased in December 2008.

15.     On May 26, 2009 plaintiff discovered that a Notice of Trustee's Sale had been posted on the fence outside the subject property.  She did not personally discover the notice, it was brought to her attention by a visitor to her home.  The date of the Trustee's Sale was set for June 15, 2009.

16.    Plaintiff had not received any copies of the Notice of Trustee's Sale via certified mail as prescribed by law.  Plaintiff had not received any copies of the Notice of Trustee's Sale by regular mail either.

17.    On June 3, 2009 plaintiff and her counsel had a conference call with a Loss Mitigation agent of WAMU who would only identify herself as "Brenda" at telephone extension #02072. The purpose of the call was to go over the terms of a loan modification.  The WAMU Loss Mitigation phone number called was (866) 926-8937.

18.    The modification was verbally approved by WAMU's agent Brenda during the course of the conference call.  Brenda informed plaintiff that she was qualified for the "Home Affordable Mortgage Program", also known as "HAMP", a program under the Attorney General.  Brenda indicated that their department code for the program is "TMQ".

19.    Brenda spoke directly to plaintiff and said "rest assured that I will order and implement the hold of the Trustee's Sale date on June 15."  Moreover, Brenda indicated that the Trustee's sale would be taken off calendar within 72 hours and that plaintiff would be receiving a packet via mail with loan modification approval documents as discussed and approved.

20.    After the conference call, plaintiff waited for documents from defendant and no documents came.  At present, plaintiff still has not received any loan modification documents from WAMU as agreed during the conference call.

21.    Plaintiff's counsel has made repeated calls to WAMU after the June 3 conference call to resolve the issue.  WAMU has systematically transferred plaintiff's counsel to different a variety of different agents with each call.  WAMU has consistently refused to offer any meaningful information about the promised modification.

22.    On June 11, 2009 plaintiff's counsel called WAMU and spoke to WAMU's agent "Michelle", Employee Number 271702, to inquire about the loan modification status.  Michelle informed plaintiff's counsel that the file was mistakenly assigned to the wrong negotiator.

Michelle indicated that plaintiff's complete file was sent to Jackson, Florida on the date of the call (June 11) to be assigned to the correct negotiator.

23.     During the June 11, 2009 call with WAMU's agent Michelle, plaintiff's counsel requested that the Trustee's Sale set for June 15, 2009 be postponed.  Michelle said that she had escalated the situation to her supervisor for implementation and proper handling of the case file.

24.     On June 16, 2009 an individual arrived at the property and was looking around.  He identified himself as a broker from Coldwell Banker.  He informed plaintiff that the house had been sold at a Trustee's sale on June 15.

25.     On June 26, 2009 plaintiff received a Notice For Possession from McCarthy & Holthus, LLP regarding NRT REOExperts LLC v. Corazon Palma.  The Notice stated that plaintiff was required to quit and deliver up possession of the subject property to McCarthy & Holthus or NRT REOExperts LLC.

26.     On July 7, 2009 plaintiff received a Summons and Complaint for Unlawful Detainer from BofA.

27.     Because of plaintiff's detrimental reliance on comments from WAMU's agent, and her age and general vulnerability, she suffered severe physical and emotional reactions to the news of the sale.  Her health continues to be am issue.  Plaintiff still wants to keep her home.

## FIRST CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Washington Mutual, Inc.)

28.     Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

29.     Defendant breached the implied contractual duty of good faith and fair dealing by proceeding with the Trustee's Sale on June 15, 2009 despite indicating on June 3, 2009 that the

sale was off calendar and that Plaintiff would be receiving a loan modification packet in the mail in confirmation.

30.    Plaintiff reasonably relied on Defendant's statements on June 3, 2009 to her detriment.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

#### (Against Washington Mutual, Inc.)

31.    Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

32.    Defendant breached their fiduciary duty by proceeding with the Trustee's Sale on June 15, 2009 despite indicating on June 3, 2009 that the sale was off calendar and that Plaintiff would be receiving a loan modification packet in the mail in confirmation

33.    Plaintiff relied on the defendant's statements on June 3, 2009 to her detriment.

34.    Defendant further breached their fiduciary duty by their failure to respond to multiple documented requests by plaintiff's counsel for confirmation of the postponement of the Trustee's Sale and for confirmation of the discussed loan modification.

## THIRD CAUSE OF ACTION

### WRONGFUL FORECLOSURE

#### (Against Washington Mutual, Inc.)

35.    Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

36.    As a proximate result of defendant's negligent or reckless conduct the plaintiff's credit has been impaired and she is threatened with the eminent loss of her property despite the fact that

defendant indicated that the Trustee's Sale was taken off calendar and that they would continue to negotiate a loan modification.

## FOURTH CAUSE OF ACTION

### FRAUD

### (Against Washington Mutual, Inc.)

37.     Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

38.     As described above, defendant knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact.

39.     As a direct and proximate cause of defendant's actions, plaintiff has suffered substantial economic harm including but not limited to the loss of title to the home and the imminent prospect of being evicted from her home.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (Against Washington Mutual, Inc.)

40.     Plaintiff realleges and incorporates by reference the allegation in all paragraphs above as though fully set forth herein.

41.     Defendant had contractual duties to plaintiff by virtue of their loan contract.

42.     Defendant breached their duties by assuring plaintiff that the Trustee's Sale was off calendar yet still proceeding with the Sale as scheduled.

43.     Defendant breached their duties by their failure to respond to multiple documented inquiries by plaintiff's counsel asking for confirmation that the sale was off calendar.

44.     As a direct and proximate cause of defendant's actions, plaintiff has suffered substantial economic harm including but not limited to the loss of title to the home and the imminent prospect of being evicted from her home.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Against Washington Mutual, Inc.)**

45.     Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

46.     Defendant knew, or should have known, that their failure to exercise due care in performance of their duties would cause plaintiff severe emotional distress.

47.     Defendant's actions and conduct as described herein constituted a breach of duty.

48.     As a proximate result of said breach of duty and the consequences proximately caused by it, as hereinabove alleged, plaintiff has and continues to suffer severe emotional distress and mental suffering, all to her damage according to proof.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
### 12 U.S.C. SECTION 2601 ET. seq.
**(Against Washington Mutual, Inc.)**

49.     Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

50.     On May 4, 2009, plaintiff, though her attorney, sent defendant a "qualified written request" as that term is defined under RESPA, 12 U.S.C. §2605(e)(1)(B), regarding the postponement of the Trustee's Sale and the agreement to engage in modification negotiations.

Plaintiff also requested that defendant provide her with information and documentation supporting its statements with regard to same.

51.     Defendant violated RESPA, 12 U.S.C. §2605(e)(1)(A), by failing to provide a written response acknowledging receipt of the Plaintiff's qualified written request no later than 20 days after receipt of the request.

52.     Defendant violated RESPA, 12 U.S.C. §2605(e)(2)(C) by failing to provide the Plaintiff with the information and documentation requested, or an explanation of why the information sought was unavailable, no later than 60 days after receipt of the Plaintiff's qualified written request.

53.     Defendant violated RESPA, 12 U.S.C. §2605(e)(2) by refusing to cease its collection efforts and foreclosure proceedings after receiving the Plaintiff's qualified written request.

54.     Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

### EIGHTH CAUSE OF ACTION

### QUIET TITLE

**(Against Washington Mutual, Inc. and Bank of America, N.A)**

55.     Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

56.     The recordation of the Deed of Trust and foreclosure of the Subject Property was wrongful and should be avoided by virtue of defendant's fraudulent conduct alleged in this complaint, and on all facts alleged in this complaint and incorporated herein, the title to the subject property should revest and the loan should be reinstated.

57.   Plaintiff seeks to quiet title in the Subject Property to defendants, and that defendants have no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to plaintiff, or at all.

## NINTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

**(Against Washington Mutual, Inc. and Bank of America, N.A.)**

58.   Plaintiff realleges and incorporates by reference the allegations in all paragraphs above as though fully set forth herein.

59.   Defendant, and each of their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, should be enjoined from in any way proceeding with the foreclosure or removing, evicting, or in any way interfering with plaintiff's quiet and exclusive possession and occupancy of the Subject Property whether by private power of sale, an unlawful detainer action, or otherwise.

60.   Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

**WHEREFORE,** PLAINTIFF PRAYS FOR JUDGMENT AGAINST Defendants as follows:

**ON THE FIRST CAUSE OF ACTION FOR BREACH OF GOOD FAITH AND FAIR DEALING:**

1.   That the Deed of Trust and Notice of Default on the subject property be voided and be of no force of effect;

2.   That the Trustee's Sale be set aside and title returned to Plaintiff;

3.  That Defendant agree to a reasonable loan modification which shall be negotiated by the parties;

4.  For such other and further relief as the Court deems just and proper.

**ON THE SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY:**

1.  That the Deed of Trust and Notice of Default on the subject property be voided and be of no force of effect;

2.  That the Trustee's Sale be set aside and title returned to Plaintiff;

3.  That Defendant agree to a reasonable loan modification which shall be negotiated by the parties;

4.  For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION FOR WRONGFUL FORECLOSURE:**

1.  That the Deed of Trust and Notice of Default on the subject property be voided and be of no force of effect;

2.  That the Trustee's Sale be set aside and title returned to Plaintiff;

3.  That Defendant agree to a reasonable loan modification which shall be negotiated by the parties;

4.  For such other and further relief as the Court deems just and proper.

**ON THE FOURTH CAUSE OF ACTION FOR FRAUD:**

1.  For damages according to proof;

2.  For exemplary and punitive damages, according to proof;

3.  For costs of suit incurred herein; and

**4.**  For such other and further relief as the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION FOR NEGLIGENCE:**

1.  For damages according to proof;

2.  For general damages

3. For interest at the legal rate according to proof;

4. For costs of suit incurred herein; and

**5.** For such other and further relief as the Court deems just and proper.

**ON THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

1. For damages according to proof;

2. For general damages;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

**ON THE SEVENTH CAUSE OF ACTION UNDER RESPA:**

1. For damages according to proof;

2. Plaintiffs request treble damages pursuant to 12 U.S.C. 2607(d)(2);

3. For any statutory damages available under RESPA;

4. For Attorney's fees under RESPA;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

**ON THE EIGHTH CAUSE OF ACTION FOR QUIET TITLE:**

5. That the Deed of Trust and Notice of Default on the subject property be voided and be of no force of effect;

6. That plaintiffs have to quiet title in the Subject Property as to each Defendant , and that each such Defendant has no right, title, estate, lien, or interest in the Subject Property or any part of it, adverse to Plaintiffs, or at all; and

7. For such other and further relief as the Court deems just and proper.

**ON THE NINTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

1.  That defendants and each of their agents attorneys, successors, and representatives, and all persons acting in concert or participating with them, be enjoined from proceeding with a foreclosure, or from removing, evicting, or in any way interfering with Plaintiffs' quiet and exclusive possession and occupancy of the Subject Property whether by an unlawful detainer court action, or otherwise; and

2.  For such other and further relief as the Court deems just and proper.

Dated: July 16, 2009                    Law Office of Kenneth R. Graham


By: _____

Kenneth R. Graham

Attorney for Plaintiff

CORAZON PALMA


**REQUEST FOR TRIAL BY JURY**

Plaintiff requests that the trial in this case be by jury.

Dated: July 16, 2009

Law Offices of Kenneth R. Graham

By: _____

Kenneth R. Graham

Attorney for Plaintiff

1
CORAZON, PALMA
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28