THEODORE E. BACON (CA Bar No. 115395)
tbacon@adorno.com
PATRICK A. CATHCART (CA Bar No. 65413)
pcathcart@adorno.com
SCOTT J. STILMAN (CA Bar No. 120239)
sstilman@adorno.com
NANETTE B. BARRAGAN (CA Bar No. 240116)
nbarragan@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel.   (213) 229-2400
Fax.   (213) 229-2499

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CORAZON PALMA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL, INC.; BANK OF AMERICA, N.A.,<br><br>　　　　Defendants. | Case No. 5:09-cv-03117-JF<br><br>Hon. Jeremy Fogel<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO BANK OF AMERICA'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>[F.R.C.P. 60]<br><br>**DATE:** April 30, 2010<br>**TIME:** 9:00 a.m.<br>**CTRM:** "3" – 5th Floor – San Jose<br><br>**Action Filed:** July 16, 2009 |

///
///
///
///
///
///

REPLY TO PLAINTIFF'S OPPOSITION TO SET ASIDE DEFAULT　　　　　　　　　　　　　　　　　　　　CASE NO. 5:09-CV-03117-JF
2044462.2

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Bank of America, N.A. ("BofA or Defendant") respectfully submits this Reply to the Opposition to Set Aside Default Judgment ("Opposition") of Plaintiff Corazon Palma ("Plaintiff").

## I.  SUMMARY OF ARGUMENT

As set forth below the failure to respond in a timely fashion to the Plaintiff's First Amended Complaint ("FAC") was the result of excusable neglect. Plaintiff's Opposition entirely mischaracterizes the facts in this case in an attempt to show that Defendant's failure to respond to Plaintiff's FAC was culpable conduct. However, the FAC was inadvertently misplaced during transition from BofA to JPMorgan Chase Bank, N.A. ("JPMorgan") the loan servicer to defend the lawsuit. This is not a case where BofA decided to ignore the FAC and not act. The opposite occurred. BofA's agent of process service undertook immediate steps to follow internal procedures to get the FAC to proper persons to determine who would defend the action.

The excusable neglect occurred when BofA forward the matter to JPMorgan on or about August 26, 2009 but the file was misplaced so the matter was inadvertently not assigned or escalated to the litigation group so a responsive pleading could be filed. BofA's conduct was not intentional and far from willful, devious, or in bad faith as required to be considered culpable conduct.

Plaintiff falls fatally short of showing that BofA was even negligent, much less that it engaged in culpable behavior. BofA did not fail to respond to the FAC to gain a litigation advantage or strategy and BofA did not evade service as is the pattern in cases where culpable behavior was found. The misplacement of the documents in this matter that lead to the default of judgment was because of excusable neglect on the part of an entity other than BofA.

Plaintiff relies nearly entirely on this one prong of the Falk factors and practically concedes the other two. Plaintiff fails to address Defendant's meritorious defenses raised in its Motion to Set Aside Entry of Default (the "Motion").

Plaintiff also fails to provide facts to indicate prejudice would occur to Plaintiff if the Motion is set aside. Plaintiff ignores Defendant's contention that Plaintiff has benefitted by not making loan payments on the subject property for over a year. In addition there would be no prejudice to Plaintiff because the case is still in the pleading stage and not yet at issue.

1   Finally, Defendant filed the instant Motion less than four months after default judgment was
2   entered against BofA on October 15, 2009 therefore the Motion was timely filed.
3   Accordingly, for the reasons set forth in the Motion and in this Reply, the Court should grant
4   the Motion and set aside the default entered against BofA.

## II. BOFA'S MOVING PAPERS PROPERLY RELY UPON EXCUSABLE NEGLECT AS GROUNDS TO SET ASIDE THE ENTRY OF DEFAULT JUDGMENT

Plaintiff argues that review of Defendant's motion should be held to a "higher standard" of excusable neglect. However, BofA sets forth the proper standard in its moving papers and in this reply as the grounds to set aside the default judgment. Although Defendant's Motion cites to Rule 55 and the good cause standard, Defendant's go on to cite Rule 60 and the excusable neglect standard throughout their Motion because BofA meets both the good cause and excusable neglect standard. In other words, BofA has relied upon the excusable neglect standard and has cited cases using that standard to support the instant motion. *See* Motion, 4:11-15, 4:16-28. Plaintiff's Opposition acknowledges this, Plaintiff states "Defendant brought the instant motion alleging excusable neglect." Opposition, 3:15-16. As such, Defendant's moving papers as well as this Reply set out the facts to demonstrate the default was because of excusable neglect.

## III. BOFA'S CONDUCT WAS EXCUSABLE NEGLECT BECAUSE THE FAILURE TO RESPOND WAS INADVERTENT

To determine if excusable neglect exists, Courts have relied upon the "Falk factors," they ask (1) whether Defendant engaged in culpable conduct that led to the default; (2) whether Defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 2009).

### A. BofA's Default Was Due to an Inadvertent Error, Not Devious, Deliberate, Bad Faith Conduct

Nearly all of Plaintiff's Opposition mischaracterizes the inadvertent misplacement of the legal documents in this matter as culpable conduct; however, BofA's conduct was far from devious, deliberate, or in bad faith. Plaintiff argues BofA's default was the result of "culpable conduct" and not excusable neglect. *See* Opposition, 3:17-5:22. Plaintiff's own case law provides that culpable

1 conduct is not merely intentionally failing to respond to a complaint but requires a showing that
2 defendant's conduct demonstrated 'devious, deliberate, willful, or bad faith failure to respond.'"
3 Opposition, 3: 26-28 (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.
4 2001) (reversing lower court's decision to deny motion to vacate). Plaintiff's Opposition falls fatally
5 short of showing such bad faith conduct by BofA.

6 The facts from BofA's Motion are worth repeating here. BofA's service agent was served by
7 certified mail with Plaintiff's FAC. The service agent immediately began the internal process to get
8 the FAC to the proper litigation support group so that the proper person could defend against the
9 action. Declaration of Vanessa Danner ("Danner Decl."), ¶ 4, 5. During the intake process, a
10 determination was made that JPMorgan, the servicer of the loan at issue in the FAC was responsible
11 for BofA's legal defense. *Id.* at ¶ 6. During the transition of sending the legal documents in this
12 matter from BofA to JPMorgan's counsel the file was inadvertently misplaced and therefore not
13 assigned or escalated to the litigation group or legal counsel as is JPMorgan's normal procedure.
14 Declaration of Jeanni Lowry ("Lowry Decl."), ¶ 4. This inadvertent event caused the failure of a
15 response to be filed on behalf of BofA and the resulting default.

16 Although Plaintiff argues otherwise, this is **not** an instance where counsel was served and
17 failed to take any action. On the contrary, action was taken as soon as the FAC was received; the
18 legal documents were sent to processing as part of the intake system to determine who should defend
19 the matter. Plaintiff cites no case law analogous to the instant situation where the Court found the
20 default for failure to respond culpable.

21 Indeed, many of Plaintiff's own cases have held that a party's failure to act does not
22 necessarily rise to the level of devious conduct that is culpable. Although BofA did not consciously
23 decide not to respond to the FAC, even where such a conscious choice not to respond was made that
24 still may be insufficient to be culpable. *TCI Group*, 244 F.3d at 697. For example, in *Falk*, the
25 Court set aside the judgment and held that Defendant's conduct was not culpable where Defendant
26 did not appear in court because the Defendant was leaving the country the next day for Korea. *Falk*
27 *v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984).

28

3

1   Plaintiff alleges throughout the Opposition that BofA knew it had to respond but
2   intentionally decided not to, despite the fact that BofA processors where trying to determine who
3   should defend the action.  Opposition, 4: 21-25, 5:1-8 ("BOA was aware of the need to respond;
4   omissions in acting however show a willfull decision . . . not to respond; multiple instances where
5   Defendants failed to take action; BOA admits having knowledge of entry of default, yet deliberately
6   chose not to respond; facts . . . indicate a willful choice not to respond.")  However, in *TCI*, the
7   Court cited to *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*,
8   507 U.S. 380 (1993) to explain the difference between intentional conduct that was culpable and
9   intentional conduct that is neglect.  The Court stated, "'neglect' encompasses simple, faultless
10  omissions to act and, more commonly, omissions caused by carelessness.'" *TCI*, 244 F.3d at 697.
11  BofA's failure to respond was because of neglect in the transition of the file from BofA to JPMorgan
12  when the FAC was carelessly misplaced, not based on intent not to timely respond.

13  The TCI Court provided examples and said a party may choose to miss a deadline for a very
14  good reason, such as to render first aid to a victim on the way to court, the omission is 'intentional'
15  and a result of a conscious choice nonetheless it is neglect.  "To suppose that the making of a
16  conscious choice, without more, precludes a finding that 'neglect' is 'excusable' cannot be squared
17  with *Pioneer Investment*.  As such, there needs to be some "willful, deliberate, or evidence of bad
18  faith." *Id*.  No such facts are present in the case at bar.  BofA made a determination that JPMorgan
19  should defend Plaintiff's lawsuit and sent the FAC to JPMorgan, but through some level of
20  carelessness the FAC was not assigned or escalated to the litigation group or legal counsel after it
21  was received as is the normal procedure.  Lowry Decl., ¶ 4.  Plaintiff also argues that Defendant is
22  not unsophisticated and that BofA was aware of the need to respond yet failed to respond.
23  Opposition 4:17-23.  However, as argued above, this is not a case where BofA did not respond
24  because it deliberately decided to let the FAC sit without a response.  Rather BofA plainly forwarded
25  the FAC to the loan servicer so that a timely response could be filed.  It was due to excusable neglect
26  that the FAC was not escalated to counsel so a response could be filed.

27  Plaintiff misleads this Court by stating BofA was personally served twice on July 10, 2009 and
28  July 16, 2009.  Opposition 4:2-4.  The true facts are that on or about July 29, 2009 BofA's service of

4

REPLY TO PLAINTIFF'S OPPOSITION TO SET ASIDE DEFAULT                                    CASE NO. C09-03117-JF
2044462.2

1  process agent received by mail, not personal service, the FAC in this matter.  The postmark date is
2  July 16, 2009.  However, this is beside the point since BofA does not dispute receipt of service, but
3  instead explains that a response was not filed because of excusable neglect when the legal documents
4  send to JPMorgan to defend failed to be assigned or escalated to legal counsel due to an inadvertent
5  error.  Lowry Decl. ¶ 4.  BofA's failure to respond to the Complaint was not intentional, willful or
6  devious as part of litigation strategy, on the contrary, it was excusable error.  *See TCI*, at 698 (citing
7  Court holding in Allen to set aside judgment because failure to answer was understandable and not to
8  obtain strategic advantage in litigation).

9  Further, Plaintiff's reliance on *Madsen v. Bumb*, 410 F.2d 4 (9th Cir. 1969) is misplaced.
10 *Madsen* is distinguishable from the instant case because the moving party waited two years before
11 filing a motion to set aside the judgment and in that case Madsen's proposed defense was simply a
12 general denial without facts to support it.  BofA's Motion at Section D, Pages 8-12 lays out the
13 meritorious defenses to Plaintiff's FAC.  Defendant's four page argument on meritorious defenses are
14 far from a general denial, instead they provide citation to supporting case law, laws and references to
15 Plaintiff's FAC to support BofA's meritorious defenses.

16 Plaintiff also relies on *Clark v. Andover Securities*, 44 Appx. 228, (9th Cir. 2002) to analogize
17 with the instant case in a poor attempt to show BofA was culpable.  In *Clark*, the Defendants were
18 residents of Colorado and were served by certified mail but did not respond to the Complaint because
19 they believed that service by mail was not proper.  *Id.* at 229.  Defendants there explained that their
20 failure to respond should be excused because plaintiff's counsel never responded to their letter
21 expressing improper service.  *Id.* at 230.  The *Clark* Court reasoned that the mistake was not neglect
22 because counsel should have done the research to learn that service by certified mail was proper.  *Id.*
23 Moreover, the Court also concluded that Defendants there failed to present a meritorious defense
24 because the personal jurisdiction and statute of limitations arguments were without merit.

25 Unlike *Clark*, BofA's counsel was not served, but BofA's service agent was served and BofA
26 took steps to determine where to send the FAC so that it could get to counsel for review and response.
27 This is not a case where BofA's counsel was served and decided to let the Complaint sit on their desk
28 without doing any research as in *Clark*.  On the contrary, Plaintiff's FAC went through the bank's

determination process and was inadvertently misplaced in transition causing the failure to respond. Furthermore, unlike *Clark*, BofA presents a meritorious defense in its Motion.[1]

### B. BofA's Meritorious Defenses are Supporting By Legal Authority At Length in Plaintiff's Motion

Plaintiff devotes only two sentences in its six page Opposition on this issue, it states, "it is not at all clear that Defendants' mere allegation of a meritorious defense to each and every cause of action by the Plaintiff is valid."  Opposition, 5:23-26.  Plaintiff makes no attempt to address a single defense cited by BofA in its Motion because it cannot.  Further, Plaintiff cites no case law that Defendant needs to provide a meritorious defense for all of Plaintiff's nine causes of action in the Motion.  BofA will provide a defense to each and every cause of action should this Court grant BofA permission to file a demurrer to Plaintiff's FAC.

Courts have expressed the view that Rule 60 (b) is meant to be liberally applied and that whenever possible cases are decided on the merits.  *Falk*, 739 F.2d at 463; *See also TCI*, 244 F.3d at 696 (citing *Falk*); *Meadows v. The Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (reasoning Rule 60(b) must be liberally applied and default judgments are generally disfavored and cases should be decided on their merits.)

For the above reasons, this Court should grant BofA's Motion to Set Aside the Default Judgment and file a responsive pleading detailing all the meritorious defenses.

### C. There Would Be No Prejudice to Plaintiff Because the Case Was at The Pleading Stage

Plaintiff argues that she will prejudiced if the judgment is set aside because the Plaintiff has endured time and expense in reaching finality and continued litigation would place an "undue burden

---

[1] In *Verizon California v. Onlinenic, Inc.*, 647 F.Supp.2d 1110, 1123-24 (N.D. Cal. 2009), the court held that Defendant did not qualify for excusable neglect where he manipulated the legal process by providing a series of inconsistent and confusing false addresses for business communications and service of process.  Defendant also made numerous false statements, therefore his credibility of excusable neglect was rejected.  Plaintiff here pleads no such allegations because it cannot.  BofA did not evade service or attempt to manipulate the legal system.  BofA made efforts to process Plaintiff's FAC through the proper channels but the FAC inadvertently was misplaced causing the default of judgment.

6

on Plaintiff's given it is her home that is at stake." Opposition, 5: 15. However, Plaintiff only filed a FAC and no other discovery or other costly litigation expenses have been incurred. Additionally, Defendant is willing to reimburse plaintiff for the reasonable costs of preparing the motion to enter default and the motion to enter default judgment. Therefore, Plaintiff would not be prejudiced by having the motion set aside.

## IV. BOFA'S MOTION TO SET ASIDE DEFAULT WAS BROUGHT WITHIN A REASONABLE TIME

BofA's Motion was timely brought. Federal Rule of Civil Procedure 60(c) provides that a motion requesting relief from judgment or order must be made "within a reasonable time . . . but no more than a year after the entry of judgment." The entry of default judgment was entered on October 15, 2009 and the instant Motion was filed on March 4, 2010, not even four months later and well within the one year limit.

Additionally, in *Falk*, the moving party waited five months before filing a motion to set aside the judgment and the court reasoned that five months was within the one year time period and was reasonable. *Id.* at 463. Applying the *Falk* timing to the instant case, BofA's Motion is reasonable.

Plaintiff argues that BofA admits having knowledge of an entry of default, yet deliberately chose not to respond alleging that they did not have any facts to allow them to respond. Opposition, 5:4-5. However, Plaintiff mischaracterizes the statement. When Defendant's counsel learned of the default judgment it undertook steps to investigate the facts of what occurred so that it could file the instant motion. Declaration of Scott Stilman, ¶ 4,5. Unfortunately, holiday and vacation schedules were reasons the Motion was not filed immediately. However, this again is besides the point because the law provides that the Motion be filed in a reasonable amount of time and less than four months has been held to be timely. In short, BofA's Motion was reasonably filed.

///

///

///

///

///

## V. CONCLUSION

Based on the foregoing, BofA respectfully requests that the Court set aside the default and allow BofA to respond to the FAC.

DATED: April 15, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: _____/s/ Theodore E. Bacon_____
 THEODORE E. BACON
 PATRICK A. CATHCART
 SCOTT J. STILMAN
 NANETTE B. BARRAGAN

Attorneys for Defendant
Bank of America, N.A.