1

2    **E-Filed 12/17/2010**

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12   CORAZON PALMA,                    Case Number C 09-3117 JF (PVT)

13              Plaintiff.            ORDER[1] GRANTING IN PART AND
                                      DENYING IN PART DEFENDANT
14          v.                        BANK OF AMERICA'S MOTION
                                      FOR RELIEF FROM JUDGMENT
15   WASHINGTON MUTUAL, INC, et al.,

16              Defendants.

17

18

19        Defendant Bank of America, N.A. ("BofA") seeks relief from a default judgment entered

20   in favor of Plaintiff Corazon Palma ("Palma") on January 11, 2010.  The Court has considered

21   the briefing submitted by the parties as well as the oral argument presented at the hearing on

22   April 30, 2010.  The Court has refrained from issuing its ruling in order to give the parties an

23   opportunity to attempt settlement.  The Court held status conferences on June 18, 2010,

24   September 3, 2010, and November 5, 2010.  The parties have been unable to reach agreement.

25   Accordingly, the Court issues the instant order.  For the reasons discussed below, the motion for

26   relief from judgment will be granted in part and denied in part.

27   _____

28        [1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

Palma, a seventy-five year old retired nurse, filed this action on July 10, 2009, asserting claims against her mortgage lenders under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*., and under state law. Palma filed a first amended complaint on July 16, 2009. She alleged that in 2008 she began having difficulty making her mortgage payments. First Amended Complaint ("FAC") ¶ 10. She hired an attorney to help her obtain a loan modification. *Id*. ¶ 11. Counsel immediately began negotiations with Defendant Washington Mutual, Inc. ("WAMU"). *Id*. ¶¶ 11-13.

While these negotiations were ongoing, the mortgage interest rate and monthly payments were increased. FAC ¶ 14. On May 26, 2009, Palma discovered that a notice of trustee's sale had been posted on her property; the date of the trustee's sale was set for June 15, 2009. *Id*. ¶ 15. Palma alleges that she did not receive any notice of the trustee's sale by mail. *Id*. ¶ 16. On June 3, 2009, Palma and her counsel participated in a conference call with a loss mitigation agent of WAMU who identified herself as "Brenda"; Brenda verbally approved a loan modification and stated that she would put a hold on the trustee's sale. *Id*. ¶¶ 18-19. Brenda also stated that Palma would receive a loan modification packet in the mail. *Id*. ¶ 19. Palma waited for such documents, but never received them. *Id*. ¶ 20. Palma's counsel made repeated calls to WAMU seeking to clarify the situation, but was transferred to several different agents who were not helpful. *Id*. ¶¶ 21-23. On June 11, 2009, counsel spoke with "Michelle," explained the situation and requested that the trustee's sale of June 15 be postponed; Michelle stated that she had referred the file to her supervisor. *Id*. ¶ 23. On June 16, 2009, an individual arrived at the property to look around; he identified himself as a broker from Coldwell Banker and stated that the property had been sold at a trustee's sale the day before. *Id*. ¶ 24. On July 7, 2009, Palma was served with an unlawful detainer action brought by BofA. *Id*. ¶ 26.

Plaintiff filed the instant action only days later. BofA was served on July 10, 2009 and July 16, 2009. Although BofA admits to receiving service, it did not file a response. On October 8, 2009, Palma moved for entry of default; her motion was served properly upon BofA. BofA again failed to respond, and the Clerk entered default against both Defendants on October 15,

2

1   2009.  The Court heard Palma's motion for default judgment on January 8, 2010, and on January

2   11, 2009 it entered default judgment for Palma and against WAMU and BofA.  BofA filed the

3   instant motion for relief from judgment on March 5, 2010.

## II. DISCUSSION

5       Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of

6   default for good cause, and it may set aside a default judgment under Rule 60(b)."  BofA's

7   motion is styled as a motion to set aside entry of default.  This characterization is inaccurate,

8   because BofA seeks to set aside not only the Clerk's entry of default but also the default

9   judgment entered subsequently by the Court.  Accordingly, BofA's motion is governed by Rule

10   60(b), which reads as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

19       BofA seeks relief under subsection (b)(1), asserting that its failure to respond to the

20   complaint was the result of mistake and excusable neglect.  BofA explains that although its agent

21   for service of process received the complaint in this action on July 27, 2009, under BofA's

22   standard procedures the file was sent for review first to San Francisco and then to Boston.  BofA

23   determined that the action should be defended by JPMorgan, the servicer of the loan, and

24   forwarded the file to the department within BofA that handles tenders of complaints to loan

25   servicers.  The file was forwarded to JPMorgan on August 26, 2009.  Apparently, JPMorgan

26   initially failed to assign the file to its litigation group or to legal counsel.  However, on October

27   30, 2009, JPMorgan's outside counsel received an email forwarding certain documents

28   concerning Palma's lawsuit.  JPMorgan determined that it had a duty to defend BofA.  JPMorgan

3

1 | also determined that BofA had tendered the claim to JPMorgan on August 26, 2009 but that

2 | JPMorgan had misplaced the relevant documents.

3 |      By this time – late October 2009 – the Clerk already had entered default against BofA,

4 | which event was reflected in the docket.  However, neither BofA nor JPMorgan made any effort

5 | to contact the Court to explain its failure to respond to the complaint; instead JPMorgan's

6 | counsel continued to investigate for the next several months.  As noted above, the Court entered

7 | default judgment on January 11, 2009, which event also was reflected on the docket.  BofA

8 | finally took action by filing the instant motion on March 5, 2010.

9 |      When considering a claim of excusable neglect as a basis for relief from default

10 | judgment, the Court applies the *Falk* factors:  "(1) whether the plaintiff will be prejudiced, (2)

11 | whether the defendant has a meritorious defense, and (3) whether culpable conduct of the

12 | defendant led to the default."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also United*

13 | *States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010

14 | (applying *Falk* factors).  This standard "is disjunctive, such that a finding that any one of these

15 | factors is true is sufficient reason for the district court to refuse to set aside the default."  *Mesle*,

16 | 615 F.3d at 1091.  "[H]owever, 'judgment by default is a drastic step appropriate only in extreme

17 | circumstances; a case should, whenever possible, be decided on the merits.'"  *Id*. (quoting *Falk*,

18 | 739 F.2d at 463.

19 |      Setting aside the default judgment would prejudice Palma to the extent that she has

20 | incurred attorneys' fees and other expenses litigating Defendants' failure to respond to her

21 | complaint.  It is unclear at this stage of the proceedings whether Defendants would have

22 | meritorous defenses to Palma's claims absent default judgment, although it is questionable

23 | whether Palma would be entitled to cancellation of her entire loan in the event she were to

24 | prevail.  Finally, there is some question as to whether BofA's conduct may be considered

25 | "culpable" on these facts.  Ordinarily, "a movant cannot be treated as culpable simply for having

26 | made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant

27 | must have acted with bad faith, such as an 'intention to take advantage of the opposing party,

28 | interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"  *Mesle*, 615

1   F.3d at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001)).

2   The Ninth Circuit on occasion has applied a harsher standard when attorneys or legally

3   sophisticated parties receive notice of the action and fail to answer.  *See, e.g., Franchise Holding*

4   *II v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 925 (9th Cir. 2004) (notice of action received

5   by counsel of company that later tried to set aside the default); *Direct Mail Specialists, Inc. v.*

6   *Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (defendant was "a lawyer,

7   presumably . . . well aware of the dangers of ignoring service of process").  However, the circuit

8   court has not stated definitively whether this harsher standard always applies to sophisticated

9   entities.  *See Mesle*, 615 F.3d at 1093.

10      However, even assuming that on this record Defendants may be considered "culpable" for

11  purposes of Rule 60(b) analysis, the Court cannot conclude that voiding the deed of trust for what

12  amounts to ministerial errors would constitute "just terms."  *See* Fed. R. Civ. P. 60(b) (conferring

13  upon courts authority to grant relief "on motion and just terms.").  Accordingly, the Rule 60(b)

14  motion will be granted with respect to the portion of the default judgment that voids the deed of

15  trust.

16      At the same time, the motion will be denied with respect to the portion of the judgment

17  setting aside the trustee's sale and enjoining Defendants from proceeding with foreclosure.

18  Moreover, the Court in the exercise of its discretion will condition relief from default judgment

19  upon Defendants' waiver of Palma's mortgage payments from the date this action was filed (July

20  10, 2009) until the date BofA finally made an appearance by filing the instant motion (March 5,

21  2010).  While the Court declines to award Palma her home free and clear of any debt, the Court

22  is of the opinion that these conditions are necessary to alleviate the prejudice to Palma caused by

23  Defendants' indefensible conduct in this case.

24      The Court will set a case management conference for January 28, 2011.  The parties are

25  strongly urged to make a final effort to reach a settlement prior to this date.  The Court expects

26  that any settlement would involve a reasonable modification of Palma's loan in light of the relief

27  granted herein.

28

**III. ORDER**

(1)    The motion for relief from default judgment is GRANTED IN PART AND

DENIED IN PART as set forth above; and

(2)    A case management conference is set for January 28, 2011, at 10:30 a.m.

Dated:  December 17, 2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-3117 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF AMERICA'S MOTION
(JFLC2)